THIS ORDER IS A
PRECEDENT OF THE
TTAB

United States Patent and Trademark Office
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500

Krisp

Mailed: March 30, 2016

Opposition No. 91224131 (parent case)
Opposition No. 91224900

*Wisconsin Cheese Group, LLC*

*v.*

*Comercializadora de Lácteos y Derivados,
S.A. de C.V.*

Before Shaw, Adlin and Heasley.
Administrative Trademark Judges.

By the Board:

Before the Board are Comercializadora de Lácteos y Derivados, S.A. de C.V.'s ("Applicant") motions to amend the identifications of goods in its two opposed applications, and its motion to consolidate the two opposition proceedings concerning those applications. We first take up the motion for consolidation.

## I.     Motion for Consolidation

On December 4, 2015, Applicant filed, in Opposition No. 91224900, a motion to consolidate that case with Opposition No. 91224131.[1]

### A. Standard

When cases involving common questions of law or fact are pending before the Board, the Board may order consolidation of the cases. Fed. R. Civ. P. 42(a); *Regatta*

---

[1] A copy of the filing was also entered into the record for Opposition No. 91224131.

*Sport Ltd. v. Telux-Pioneer Inc.*, 20 USPQ2d 1154 (TTAB 1991); *Estate of Biro v. Bic Corp.*, 18 USPQ2d 1382, 1384 n.3 (TTAB 1991). In determining whether to consolidate proceedings, the Board will weigh the savings in time, effort and expense that may be gained from consolidation against any prejudice or inconvenience that may be caused thereby. Consolidation is discretionary with the Board, and may be ordered upon motion granted by the Board, or upon stipulation of the parties approved by the Board, or upon the Board's own initiative. *World Hockey Ass'n v. Tudor Metal Prods. Corp.,* 185 USPQ 246, 248 (TTAB 1975); TBMP § 511 (2015).

### *B. Analysis*

Consolidation is appropriate here. As explained below, the proceedings involve common questions of law and fact.

First, each of the captioned proceedings involves an application based on Trademark Act Section 1(b), 15 U.S.C. § 1051(b), to register the mark SOYSALUD (standard characters).

Second, the Opposer and the grounds for opposition are similar. Specifically, Wisconsin Cheese Group, LLC ("Opposer") opposes each application on the following three grounds:

1) likelihood of confusion under Trademark Act Section 2(d), 15 U.S.C. §1052(d);

2) deceptiveness under Trademark Act Section 2(a), 15 U.S.C. § 1052(a), specifically alleging, in pertinent part, that "[A]pplicant's mark contains the term 'SOY' and misdescribes the character, quality, function, composition or use of the goods in the Application" and "[P]rospective purchasers are likely to believe that the misdescription actually describes

all of Applicant's goods in that all of its goods contain soy (and/or soy-bean milk), which they do not;"[2] and

3) deceptive misdescriptiveness under Trademark Act Section 2(e)(1), 15 U.S.C. § 1052(e)(1), specifically alleging, in pertinent part, that "[A]pplicant's mark contains the term 'SOY' and deceptively misdescribes the goods in the Application which do not contain soy," and "[P]rospective purchasers are likely to believe the misrepresentation."[3]

Opposer's Sections 2(a) and 2(e)(1) claims in both proceedings thus are directed only to Applicant's identified goods that do not contain soy.

In both proceedings, Opposer also alleges prior use and registration of a "family" of SALUD standard character marks,[4] namely:

1) Registration No. 3355301 for the mark BIO SALUD! for "dairy-based beverages," in International Class 29;

2) Registration No. 4335865 for the mark YA SALUD for "nutritional supplements, namely, probiotic drinks," in International Class 5; and

3) Registration No. 4335866 for the mark YA SALUD for "probiotic drinks, namely, dairy based beverages," in International Class 29.

In light of these common questions of law and fact, Applicant's motion to consolidate is granted. Opposition Nos. 91224131 and 91224900 are hereby consolidated and may be presented on the same record and briefs. *Helene Curtis Indus. Inc. v. Suave Shoe Corp.*, 13 USPQ2d 1618, 1619 n.1 (TTAB 1989).

---

[2] 1 TTABVUE 7 (Opp. No. 91224131); 1 TTABVUE 6-7 (Opp. No. 91224900).
[3] 1 TTABVUE 7 (Opp. No. 91224131); 1 TTABVUE 7 (Opp. No. 91224900).
[4] 1 TTABVUE 5 (Opp. No. 91224131); 1 TTABVUE 5 (Opp. No. 91224900).

The Board file will be maintained in Opposition No. 91224131 as the "parent case." Except as discussed below, the parties shall file a single copy of all motions and papers in the parent case only. Each such filing must caption both oppositions, identifying the parent case first (as in the caption above).

Despite being consolidated, each proceeding retains its separate character and requires entry of a separate judgment. The decision on the consolidated cases shall take into account any differences in the issues raised by the respective pleadings; a copy of the decision shall be placed in each proceeding file.[5]

## II.     <u>Applicant's Motions to Amend the Identification of Goods</u>

In each opposition, prior to the time to file, and in lieu of filing, an answer, Applicant filed an unconsented motion to amend its identification of goods.[6] As shown below, Applicant proposes to limit its identified goods to soy-based products.

<u>Application Serial No. 86505813</u>

Application Serial No. 86505813, the subject of the parent case, was published for:

coconut-based beverage used as a milk substitute; dairy products excluding ice cream, ice milk and frozen yogurt; nut-based milk for use as a milk substitute; soy-based food beverage used as a milk substitute; soybean milk, in International Class 29;

grain-based beverages, in International Class 30; and

milk of almonds for beverage, in International Class 32.

---

[5] The parties should promptly inform the Board of any other Board proceedings or related cases involving questions of law or fact in common with the present proceedings within the meaning of Fed. R. Civ. P. 42, so that the Board can consider whether further consolidation is appropriate.

[6] Opposer did not file a brief in opposition to Applicant's motions to amend; however, the motions do not include Opposer's consent.

Applicant seeks to amend the identification of goods in International Class 29 as follows:

~~coconut-based beverage used as a milk substitute; dairy products excluding ice cream, ice milk and frozen yogurt; nut-based milk for use as a milk substitute~~; soy-based food beverage used as a milk substitute; soybean milk.

Accordingly, the resulting identification of goods would be:

*soy-based food beverage used as a milk substitute; soybean milk*, in International Class 29**.**

Applicant also seeks to delete all of the identified goods in International Classes 30 and 32.

<u>Application Serial No. 86649229</u>

Application Serial No. 86649229, the subject of Opposition No. 91224900, was published for:

artificial cream; cheese substitutes; nut-based milk for use as a milk substitute; sour cream substitutes; soy-based food beverage used as a milk substitute; yogurt substitutes, in International Class 29; and

ice cream; ice cream substitutes, in International Class 30.

Applicant seeks to amend the identification of goods in the application as follows:[7]

**soy-based** artificial cream; **soy-based** cheese substitutes; ~~nut-based milk for use as a milk substitute;~~ **soy-based** sour cream substitutes; soy-based food beverage used as a milk substitute; **soy-based** yogurt substitutes; and

~~ice cream;~~ **soy-based** ice cream substitutes.

Accordingly, the resulting identification of goods would be:

*soy-based artificial cream; soy-based cheese substitutes; soy-based sour cream substitutes; soy-based food beverage used as a milk substitute; soy-based yogurt substitutes*, in International Class 29; and

---

[7] In setting forth the amendments in the two involved applications, wording in strikethrough is to be deleted, and wording in bold is to be added.

*soy-based ice cream substitutes*, in International Class 30.

### A. Standard for Unconsented Motions to Amend Before Trial

As Applicant argues, our decision in *Johnson & Johnson v. Stryker Corp.*, 109 USPQ2d 1077 (TTAB 2013), provides a framework for deciding Applicant's motion to amend. Although we *generally* defer determination of such a timely (*i.e.*, pretrial) unconsented motion until final decision or until the case is decided upon motion for summary judgment, *see* TBMP § 514.03 and cases cited therein, in order to give the other party or parties fair notice thereof, *Stryker* held that an unconsented motion to amend may be granted prior to trial under the following circumstances:

1) the proposed amendment must serve to limit the broader identification of goods or services;

2) the applicant must consent to the entry of judgment on the grounds for opposition with respect to the broader identification of goods or services present at publication;

3) if the applicant wishes to avoid the possibility of a *res judicata* effect by the entry of judgment on the original identification, the applicant must make a *prima facie* showing that the proposed amendment serves to change the nature and character of the goods or services or restrict their channels of trade and customers so as to introduce a substantially different issue for trial; and

4) where required to support the basis of the subject application, any specimens of record must support the goods or services as amended; and the applicant must then introduce evidence during its testimony period to prove use of its mark with the remaining goods or services prior to the relevant date as determined by the application's filing basis.

*Johnson & Johnson v. Stryker,* 109 USPQ2d at 1078-79 (citing *Drive Trademark Holdings LP v. Inofin,* 83 USPQ2d 1433, 1435 (TTAB 2007)); *Giant Food, Inc. v.*

*Standard Terry Mills, Inc.*, 229 USPQ 955, 964 (TTAB 1986); *Int'l Harvester Co. v. Int'l Telephone & Telegraph Corp.*, 208 USPQ 940, 941 (TTAB 1980).

### B. Analysis

We agree with Applicant that, because its involved applications are based on an intent to use, only the first three *Stryker* requirements apply. We also agree with Applicant that it meets the three applicable *Stryker* requirements.

Obviously, the first requirement is satisfied. Applicant's amendments to its International Class 29 identification of goods in the '813 Application, and to its International Classes 29 and 30 identifications of goods in the '229 Application, limit the broader identifications under which the applications were published for opposition.

The second *Stryker* requirement is also satisfied. In the parent case, Applicant makes the following substantively similar statements:

> [A]pplicant consents to the entry of judgment on the grounds for opposition with respect to the broader identification of goods or services present at publication;[8]

> [I]f the proposed amendment is granted immediately, the scope of discovery and presentation of evidence on opposer's Section 2(d) claim will be narrowed and simplified. The need for discovery, presentation of evidence and arguments regarding opposer's claims under Sections 2(a) and 2(e)(1) will be eliminated entirely. There is simply no point in requiring the parties to develop and present evidence and arguments regarding opposer's second and third claims when applicant has already agreed to the entry of judgment *on those claims*.[9]

---

[8] 4 TTABVUE 3. In Opposition No. 91224900, Applicant makes a nearly identical statement at 4 TTABVUE 4.

[9] 4 TTABVUE 4 (emphasis added). In Opposition No. 91224900, Applicant makes a nearly identical statement at 4 TTABVUE 4-5.

By way of these statements, Applicant unconditionally consents to judgment as to the Sections 2(a) and 2(e)(1) claims with respect to the broader identifications of goods for which the applications were published for opposition.

Turning to the third requirement, Applicant has made a *prima facie* showing that the proposed amendments serve to change the nature and character of the goods so as to introduce a substantially different issue for trial with respect to the Sections 2(a) and 2(e)(1) claims. Indeed, Applicant has deleted all goods that, as published, were not identified as "soy-based" or containing soy, and has amended the remaining goods to specifically state that they are "soy-based." Opposer limited its Sections 2(a) and 2(e)(1) claims to Applicant's goods that were not identified as "soy-based" or containing soy. The amended identifications of goods no longer include non-soy goods to serve as the bases for Opposer's Section 2(a) and Section 2(e)(1) claims against the non-soy goods.[10]

---

[10] Fed. R. Civ. P. 26(b) defines the scope of discovery, "[u]nless otherwise limited," as including "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …." It also sets forth limits on the scope of discovery. The Board has applied the principle of proportionality to define the proper subjects of and expanse of inquiry in *inter partes* proceedings under various circumstances. *Cf. Domond v. 37.37, Inc.*, 113 USPQ2d 1264, 1268 (TTAB 2015) (proportionality principle applied to interrogatories, document requests and requests for admission); *The Phillies v. Philadelphia Consol. Holding Corp.*, 107 USPQ2d 2149, 2153 (TTAB 2013) (proportionality discussed with respect to requests for admissions). *See also* TBMP §§ 402.01 and 414(11). For example, a party may not be entitled to information regarding goods and services not identified in an involved application. *See Sunkist Growers, Inc. v. Benjamin Ansehl Co.*, 229 USPQ 147, 149 n.2 (TTAB 1985). Here, while Applicant's deletion of goods from its applications does not automatically alter the scope of discovery, the parties should keep these principles in mind as they agree to the appropriate scope of and limits on discovery in this proceeding given the amendments to Applicant's identification of goods.

For all of these reasons, Applicant's motions to amend are granted. Application Serial Nos. 86505813 and 86649229 will be amended accordingly. Judgment is entered in favor of Opposer as to its Section 2(a) and Section 2(e)(1) claims with respect to all goods encompassed by Applicant's broader identifications of goods, except for the following:

> soy-based food beverage used as a milk substitute; soybean milk, in International Class 29 (Serial No. 86505813);

> soy-based artificial cream; soy-based cheese substitutes; soy-based sour cream substitutes; soy-based food beverage used as a milk substitute; soy-based yogurt substitutes, in International Class 29 (Serial No. 86649229); and

> soy-based ice cream substitutes, in International Class 30 (Serial No. 86649229).

### III.   Going Forward

#### A.   *Amended Pleadings*

To assure that the pleadings conform to the applications as amended, the Board directs the parties to file amended pleadings, as appropriate. Accordingly, Opposer is allowed until thirty days from the mailing date of this order to file an amended notice of opposition to the amended '813 Application in Opposition No. 91224131, and an amended notice of opposition to the amended '229 Application in Opposition No. 91224900, failing which the opposition or oppositions will be dismissed with prejudice. Applicant is allowed until thirty days from the date of service of each amended notice of opposition to file its answer thereto, failing which the proceeding or proceedings may be decided as on default. Despite consolidation, Applicant is directed to file

each of its answers only in the proceeding to which it pertains. Thereafter, the parties should commence the practice of filing all motions and papers in the parent case only.

### B.    Protective Order

The Board notes Opposer's January 8, 2016 filing of an executed protective order for protecting the confidentiality of information in these proceedings.[11] The order is applicable to these proceedings. Inasmuch as the Board has consolidated these proceedings, the parties need not file a copy of the order in Opposition No. 91224900.

### C.    Schedule

Proceedings are resumed. Conference, disclosure, discovery and trial dates are reset as follows:

| | |
|---|---|
| Deadline for Discovery Conference | **6/30/2016** |
| Discovery Opens | **6/30/2016** |
| Initial Disclosures Due | **7/30/2016** |
| Expert Disclosures Due | **11/27/2016** |
| Discovery Closes | **12/27/2016** |
| Plaintiff's Pretrial Disclosures Due | **2/10/2017** |
| Plaintiff's 30-day Trial Period Ends | **3/27/2017** |
| Defendant's Pretrial Disclosures Due | **4/11/2017** |
| Defendant's 30-day Trial Period Ends | **5/26/2017** |
| Plaintiff's Rebuttal Disclosures Due | **6/10/2017** |
| Plaintiff's 15-day Rebuttal Period Ends | **7/10/2017** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.125, 37 C.F.R. § 2.125. Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§

---

[11] The filing does not include proof of service, as required under Trademark Rules 2.119(a) and (b). All future filings must include proof of service.

2.128(a) and (b). An oral hearing will be set only upon request filed as provided by

Trademark Rule 2.129, 37 C.F.R. § 2.129.